UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNIE L. FEAGIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01107-JPH-MJD |
| | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
| Counter Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| ESTATE OF DONNA G. TUOHY Through Personal Representative Garth Madison, ANNIE L. FEAGIN, | ) ) ) |
| | ) |
| Counter Defendants. | ) |

**REPORT AND RECOMMENDATION**
**HON. MAGISTRATE JUDGE MARK J. DINSMORE**

On July 6, 2020, the Court set this matter for a settlement conference on September 8, 2020, and Garth Madison, Personal Representative of Counter Defendant Estate of Donna G. Tuohy, was ordered to appear. [Dkt. 38 at 2-3; Dkt. 47; Dkt. 52.] On September 8, 2020, the Court conducted the settlement conference by telephone, and Mr. Madison failed to appear as ordered. [Dkt. 53.] On that same date, Court issued an Order setting a show cause hearing for September 23, 2020, and ordered Garth Madison, Personal Representative of the Estate of Donna G. Tuohy, and the Estate's counsel of record, Daniel Cueller, to appear in person to answer why

they should not be sanctioned for the Estate's failure to appear for the September 8, 2020 telephonic settlement conference. [Dkt. 54.] The Court's order further stated, "Failure to appear as ordered may result in sanctions, including the Magistrate Judge's recommendation for dismissal of the Estate's claims in this matter." [*Id*. at 1-2.] On September 23, 2020, the Court held a hearing pursuant to its Order to Show Cause, and both Mr. Madison and Mr. Cueller failed to appear as ordered.

A district court has the inherent authority to impose sanctions on [a party] for the "willful disobedience of a court order." See *Trzeciak v. Petrich*, No. 2:10-CV-358-JTM-PRC, 2014 WL 5488439, at *1 (N.D. Ind. Oct. 29, 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). This power is governed "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Barnhill v. U.S.*, 11 F.3d 1360, 1367 (7th Cir. 1993) (internal quotation omitted). A court's inherent powers are to be used "to reprimand the offender" and "to deter future parties from trampling on the integrity of the court." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003)). The sanction imposed by a court "should be proportionate to the gravity of the offense." *Montaño v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008).

Garth Madison, Personal Representative of the Estate, has repeatedly failed to comply with the Court's orders by failing to appear as ordered for the September 8, 2020 settlement conference [Dkts. 38, 47, & 52] and the September 23, 2020 show cause hearing [Dkt. 54]. In addition, Mr. Cueller failed to comply with the Court's order by failing to appear as ordered for the September 23, 2020 show cause hearing. [*Id.*]

Inattention to the docket is not an excuse for failure of knowledge. It is the duty of counsel "to monitor the docket and to advise himself when the court enters an order against

which he wishes to protest." *Bardney v. U.S.,* 959 F. Supp. 515, 523 (N.D. Ill. 1997) (quoting *Mennen Co. v. Gillette Co.,* 719 F.2d 568, 570 (2d Cir. 1983)).   Neglecting to adequately monitor the court docket does not provide justification for relief from a court's sanction.   *Id.*

Accordingly, the Magistrate Judge recommends that any claims of the Estate of Donna G. Tuohy to the interplead funds in this matter be dismissed for Mr. Garth's repeated failures to comply with the Court's orders.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service of this Order shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:   23 SEP 2020

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.